334 So.2d 630 (1976)
James D. EASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1736.
District Court of Appeal of Florida, Second District.
July 9, 1976.
*631 James D. Easley, in pro. per., and Charles D. Waller of Larkin, Larkin & Waller, Dade City, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Dept. of Legal Affairs, Tampa, for appellee.
McNULTY, Chief Judge.
Appellant James D. Easley, a member of The Florida Bar, appeals a judgment of guilt of contempt and a fine of $500. We reverse.
On October 28, 1975 appellant received notice by mail that he had been appointed to represent one Arthur Edward Gulvin, charged with breaking and entering and grand larceny. He interpreted this appointment to be an administrative error because, pursuant to his request, the county and circuit judges in Pasco County had not appointed him to criminal cases during the previous year. Appellant felt himself incompetent to handle felony criminal matters adequately, although previously he had accepted appointments to represent indigent accused misdemeanants. On the other hand, and at all times material, he had represented numerous indigents in legal aid cases involving civil matters for which he did feel competent.
Appellant filed a motion to withdraw stating that he did not practice criminal law and set it for hearing on October 30, 1975. He also investigated the charges against defendant Gulvin and learned that the defendant was out on bond, awaiting trial some seven weeks in the future. On October 30, the Honorable Ray E. Ulmer, Jr., circuit judge, heard appellant's motion to withdraw and denied it.
Subsequently, appellant met with Gulvin in appellant's office and discussed Gulvin's case. Feeling ethically bound to state his feelings regarding his competency, appellant asked Gulvin how he felt about the matter. Gulvin indicated that if appellant felt he could not adequately represent him then he, Gulvin, didn't either; and that he had better get himself another attorney. Appellant asked Gulvin if he would sign an affidavit and testify at a hearing to that effect, and Gulvin agreed.
Appellant thereafter filed a motion for reconsideration of the order denying his motion to withdraw, alleging that it was his belief that it was contrary to the laws of Florida and the Constitutions of Florida and the United States for the court to compel him to represent the defendant over the express desire to the contrary of both himself and the defendant. Appellant submitted Gulvin's affidavit in support of his motion for reconsideration.
*632 A hearing was held on November 10, 1975. Judge Ulmer granted the motion and later ordered another attorney substituted as counsel for Gulvin. But the trial court also served appellant with an order to show cause and notice of hearing as to why he should not be adjudged guilty of contempt. The order to show cause states, inter alia, that appellant had advised the defendant that he was incompetent as a criminal attorney, and secured the signature of defendant on the affidavit, notwithstanding the court's prior order denying appellant's first motion to withdraw. The order to show cause further stated that appellant's conduct constituted a willful disregard for the orderly administration of justice and a scheme to secure release from appellant's obligation as an attorney to assist the court in the representation of indigent criminal defendants. Finally, the order stated that the proceedings were brought upon the court's own motion pursuant to RCrP 3.830.
A hearing was held on the order to show cause at which appellant testified that he felt ethically bound to pursue this case as he did. The trial judge subsequently entered a judgment of guilt of contempt against appellant and sentenced appellant to pay a fine of $500. Appellant has paid the fine but instituted this appeal.
While it is clear that a willful disobedience of a court order clearly constitutes the obstruction of justice and is therefore contemptuous, the undisputed facts of the instant case will not support a finding of a willful intent to commit a contemptuous act or interfere with the orderly administration of justice. There is no finding, nor indeed on the evidence could there be, that appellant did not in good faith feel his inadequacy to handle felonies. Moreover, in accord with the ethical obligations of an attorney, we think it was incumbent upon appellant to communicate his feelings of lack of competence to the defendant Gulvin.[1] After all, it was Gulvin who was constitutionally entitled to adequate representation.
We reject the argument of the state that the trial judge had determined that appellant was competent to represent a criminal defendant by the denial of appellant's first motion to withdraw and by the trial judge's express request that appellant "apply himself in this criminal matter with the same expertise as he does before this court in all other matters." The court's finding of appellant's competence in criminal matters wouldn't make it a fact; and nothing in the evidence impeaches appellant's assertion to the contrary. Furthermore, appellant never actually refused to represent Gulvin in contravention of the court order. He simply informed the defendant, as he should have, that he felt incompetent to represent him and thereafter filed a motion consistent with the desires of his client. He could have done no less and is not guilty of contempt for doing so.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded to the trial court for an order remitting the return of the fine imposed and paid herein.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] See Code of Professional Responsibility, Canon 6, the pertinent portions of which are as follows:

"EC 6-1... . [A] lawyer ... should accept employment only in matters which he is or intends to become competent to handle.
* * * * *
"EC 6-3... . [A] lawyer generally should not accept employment in any area of the law in which he is not qualified ... A lawyer offered employment in a matter in which he is not and does not expect to become so qualified should either decline the employment or, with the consent of his client, accept the employment and associate a lawyer who is competent in the matter."
See also
"DR 6-101. Failing to Act Competently
(A) A lawyer shall not:
(1) Handle a legal matter which he knows or should know that he is not competent to handle... ."